NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ANGEL M. PICHARDO,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2022-1007

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-8676, Judge Grant Jaquith.

_____

Decided: April 6, 2022

_____

ANGEL M. PICHARDO, Sierra Vista, AZ, pro se.

DANIEL FALKNOR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

_____

Before MOORE, *Chief Judge*, CLEVENGER and HUGHES, *Circuit Judges*.

PER CURIAM.

Angel M. Pichardo appeals a memorandum decision of the United States Court of Appeals for Veterans Claims, which affirmed the Board of Veterans' Appeals. *Pichardo v. McDonough*, No. 19-8676, 2021 WL 1204140 (Vet. App. Mar. 31, 2021) (*Veterans Court Decision*). Because we lack jurisdiction over Mr. Pichardo's appeal, we *dismiss*.

I

Mr. Pichardo served in the Army from December 1968 through August 1970, including combat in Vietnam. Eight years after leaving the service, he wrote a letter to the Department of Veterans Affairs detailing his battle with groin conditions. In those eight years, Mr. Pichardo had three surgeries to remove groin tumors, at least one of which was described as a malignant lesion. The VA construed the letter as seeking disability compensation, and one year later, it denied Mr. Pichardo's claim based on a lack of service connection.

In 1990, Mr. Pichardo reopened his groin disability claim, arguing that disability should "be considered [a] residual of Agent Orange exposure." *Veterans Court Decision* at \*2. In addition to his struggles with groin tumors, Mr. Pichardo complained of chronic leg pain. Also, at some point during processing of this claim, he sought compensation for nerve pain in his upper extremities.

Nearly fifteen years later, the VA issued a decision on Mr. Pichardo's reopened claims. It found Mr. Pichardo's groin conditions were not entitled to a presumption of service connection under the Agent Orange Act, Pub. L. No. 102-4, 105 Stat. 11 (1991). *Id.* at \*7. And because Mr. Pichardo had failed to provide evidence of service connection, the Board denied him compensation for his groin disability. It also found that Mr. Pichardo had failed to prove

service connection for his upper extremity pain. The VA did, however, grant Mr. Pichardo service connection for leg pain—assigning him a 10 percent rating for peripheral neuropathy of the left lower extremity. Mr. Pichardo did not appeal those determinations.

In 2012, Mr. Pichardo again sought to reopen his claims. After a VA examination, he was diagnosed with peripheral neuropathy in his extremities, secondary to diabetes. The VA then assigned him a 30 percent rating for his left arm, a 20 percent rating for his right arm, and increased his left leg rating to 20 percent—all of which were effective as of September 2010. Still, the VA denied Mr. Pichardo service connection for his groin disability. Also, at some point during these proceedings, Mr. Pichardo sought compensation for a mammary gland condition, which the VA denied.

Mr. Pichardo appealed to the Board, seeking higher ratings for his neuropathy and compensation for his groin condition. The Board sustained the VA's conclusions, albeit for slightly different reasons. Rather than consider the merits of Mr. Pichardo's groin disability claim, the Board refused to reopen it. Specifically, the Board reversed the VA's determination that Mr. Pichardo had submitted "new and material evidence." *See* 38 C.F.R. § 3.156(a) (allowing claimants to reopen a finally adjudicated claim by providing such evidence). On the neuropathy claims, the Board agreed with the VA's rating decisions. In passing, the Board also noted how Mr. Pichardo failed to appeal the VA's denial of his mammary gland condition claim in a timely fashion.

Mr. Pichardo then appealed to the Veterans Court. He argued "that his exposure to Agent Orange and the delayed onset of its effects entitle him to service connection for a mammary gland condition, a groin disability, and increased ratings for his peripheral neuropathy claim." *Veterans Court Decision* at *4. The Veterans Court did not

agree and, accordingly, affirmed the Board's decision. Mr. Pichardo appeals.

## II

Our jurisdiction over decisions of the Veterans Court is limited. Under 38 U.S.C. § 7292(d)(1), we must "decide all relevant questions of law, including interpreting constitutional and statutory provisions." On the other hand, except in appeals presenting a constitutional issue, we "may not review [] a challenge to a factual determination[], or [] a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

We lack jurisdiction over Mr. Pichardo's appeal. He asks us to "decide this appeal taking all evidence into consideration." Appellant's Informal Opening Br. at 3; Appellant's Informal Reply Br. at 1. And he claims the benefit-of-the-doubt rule, 38 U.S.C. § 5107(b), and general principles relating to service connection, 38 C.F.R. § 3.303, are in his favor. Appellant's Informal Opening Br. at 1. Construed liberally, Mr. Pichardo asks us to reweigh the facts of his case and review how the Veterans Court applied the law. But we lack jurisdiction to undertake either of those tasks. Mr. Pichardo makes no claim that the Board or Veterans Court committed an error of law, like misinterpreting a statute or regulation. Accordingly, he has not raised an argument within the scope of our jurisdiction.

## III

Because we lack jurisdiction over Mr. Pichardo's appeal, we must *dismiss*.

### DISMISSED

#### COSTS

No costs.